■ STUART B. POLLACK, Respondent, v NEMET MOTORS, INC., et al., Appellants, et al., Defendants.—Order and judgment (one paper) of Supreme Court, Bronx County (Bertram Katz, J.), which, *inter alia,* declared the validity of a contract between the parties and specific performance thereof, unanimously affirmed, with costs.

Plaintiff brought this action to declare the existence of a contract for the sale of a new 1976 Triumph TR6 roadster for the sum of $13,000 and for specific performance thereof. In support of his motion for summary judgment, plaintiff submitted a canceled check in the amount of $455, made payable to "NEMET MOTORS". On the face of the check was typed "Deposit 1976 TR6" and the notation "Agreement to purchase and deposit subject to inspection of vehicle & Financing". On the reverse side was typed, "Agreement to purchase & deposit subject to vehicle inspection, application of all manufacturer's and Dealer warranties, and, ability to obtain financing. Purchase price $13,000.00". The IAS court correctly determined that the check evinces a binding agreement between plaintiff and defendant, sufficient for the Statute of Frauds (UCC 2-201). Further, the provision that the agreement was "subject to inspection of vehicle & Financing" constitutes nothing more than a condition precedent to performance which, pursuant to CPLR 3015 (a), plaintiff was not required to plead. Defendants' argument that the language constituted a condition precedent to the formation of the contract itself is unsupported by the record, and no issue of fact has been raised with respect thereto based upon the conclusory affidavit of Thomas Nemet, who, in any event, was not a party to the negotiations between plaintiff and Nemet Motors, Inc. Nor is there any evidence to support the conclusion that the attempts by defendants to increase the purchase price subsequent to the endorsement of the check by Nemet Motors, Inc. constituted anything more than additional and postcontractual negotiations, and do not suffice to raise material issues of fact with respect to any of the elements necessary to demonstrate an oral modification of the contract. *(See, Beacon Term. Corp. v Chemprene, Inc.,* 75 AD2d 350.)

We have considered defendants' remaining contentions and find them to be without merit. Concur—Ross, J. P., Rosenberger, Asch, Kassal and Wallach, JJ.